```
                                                          FILED
         UNITED STATES DISTRICT COURT                   SEP 3 0 2014
           DISTRICT OF SOUTH DAKOTA
              CENTRAL DIVISION
                                                           CLERK
```

| UNITED STATES OF AMERICA, | * | CR 14-30065-RAL |
|---|---|---|
| Plaintiff, | * | |
| vs. | * | ORDER DENYING MOTION TO SEVER |
| GILBERT YOUNG AND TERRI COVEY, | * | |
| Defendants. | * | |

In May 2014, a grand jury issued a four-count indictment naming Gilbert Young and Terri Covey as defendants. Count I of the indictment alleged that on or about February 16, 2013, Young committed child abuse against A.C., a child under the age of seven. Count II alleged that Young, likewise on February 16, 2013, committed an assault resulting in serious bodily injury to A.C. Count III alleged that Covey committed child abuse against A.C. sometime between February 1 and February 15 of 2013. Count IV alleged that Covey committed child abuse against A.C. on the same date as Young allegedly did, February 16, 2013. The indictment alleged that each of the crimes took place in Mission, South Dakota.

On September 16, 2014, Young filed a motion and a supporting memorandum seeking to sever his trial. Docs. 50, 51. Young argued that he and Covey were improperly joined under Federal Rule of Criminal Procedure 8(b). Young argued in the alternative that even if the counts against him and Covey were properly joined, such joinder is prejudicial and that he is therefore entitled to relief under Federal Rule of Criminal Procedure 14(a). The Government resisted Young's motion to sever, arguing that joinder is proper and not prejudicial to Young. Doc. 53.

## I. Rule 8(b)

Rule 8(b) allows the government to charge two or more defendants in the same indictment if the defendants "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). "Generally, the 'same series of acts or transactions' means acts or transactions that are pursuant to a common plan or a common scheme." United States v. Mann, 701 F.3d 274, 289 (8th Cir. 2012) (quoting United States v. Wadena, 152 F.3d 831, 848 (8th Cir. 1998)). The "mere similarity of offenses committed by two or more individuals is not a sufficient predicate for joinder." United States v. Bledsoe, 674 F.2d 647, 656 (8th Cir. 1982); see also 1A Charles Alan Wright et al., Federal Practice & Procedure §144 (4th ed. 2014) ("[W]here one defendant is charged with a certain offense and a second defendant is alleged to have committed a similar offense, but there is no allegation that the two offenses arose from the acts or transactions in which both defendants participated, joinder is not permitted."). However, "'[i]t is not necessary that all defendants be charged in each count,' and '[t]he prerequisites for joinder are liberally construed in favor of joinder.'" United States v. Morris, 723 F.3d 934, 941 (8th Cir. 2013) (second alteration in original) (quoting United States v. Liveoak, 377 F.3d 859, 864 (8th Cir. 2004)). "There is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537 (1993).

Here, each count of the indictment involves the same or similar crimes allegedly committed against the same victim in the same town within a narrow period of time. Indeed, the counts against Young allege child abuse and assault resulting in serious bodily injury of A.C. on February 16, 2013, while Count IV against Covey alleges child abuse against A.C. on that same

2

day. Construing the prerequisites for joinder liberally, Counts I, II, and IV share enough of a connection to make joinder proper under Rule 8(b).

Count III involves a somewhat more difficult decision, because that count alleges child abuse of A.C. committed by Covey in the two weeks before what Young is charged with doing. The Government, to explain the connection of Count III to the other counts, submitted a factual explanation of what it believes its evidence will show.[1] However, this court under current Eighth Circuit precedent must focus on the allegations of the indictment alone. Whether courts may look outside the indictment when considering a Rule 8(b) motion equally divided the Eighth Circuit in 1988. See United States v. Grey Bear, 863 F.2d 572 (8th Cir. 1988) (en banc) (per curiam) (5-5 decision, with one group stating that an indictment must reveal on its face proper basis for joinder and the other group stating that propriety of joinder is not limited to the face of the indictment). The Eighth Circuit's most recent statement on this issue came in Wadena, in which the Eighth Circuit stated that an "indictment must reveal on its face a proper basis for joinder." 152 F.3d at 848. Thus, district courts within the Eighth Circuit have viewed Eighth Circuit law as precluding consideration of facts outside of the indictment. See United States v. Recker, No. 12-CR-2027-LRR, 2013 WL 785643, at *3 (N.D. Iowa Mar. 1, 2013) ("When determining whether joinder is proper under Rule 8, the court looks only to the allegations

---

[1] According to the Government, A.C. lived with Covey, who is his aunt. Young is Covey's boyfriend who lived with Covey and A.C. On February 16, 2013, Young allegedly assaulted A.C., who at that time was only two-and-a-half years old, when Covey left A.C. with Young to meet her friends. Doc. 53 at 9-10. The Government asserts that although Covey learned that A.C. was in physical distress when she got home, neither Covey nor Young took A.C. to the hospital until later, whereupon doctors discovered that A.C. had a subdural hematoma. The Government further asserts that when interviewed, Young described an incident a few days before February 16, 2013, when Covey bruised A.C.'s face by grabbing and squeezing it.

3

contained in the indictment."); United States v. Patzer, No. CR 07-30100-KES, 2008 WL 4533638, at *4 (D.S.D. Oct. 2, 2008) (declining to consider extra-indictment facts offered by the government in resistance to a Rule 8(b) motion and stating that "[t]he law of this circuit . . . is that motions to sever pursuant to Fed. R. Crim. P. 8(b) should be evaluated on the face of the indictment alone"); United States v. Sandstrom, No. 05-00344-02-CR-W-ODS, 2006 WL 1128802, at *2 (W.D. Mo. Apr. 27, 2006) ("In the Eighth Circuit, the current rule of law is that whether joinder is proper must be determined from the face of the indictment.").

Rule 8(b) allows charges against defendants who allegedly "have participated in the same act or transaction, or the same series of acts or transactions, constituting an offense or offenses." Alleged child abuse of A.C. on the same day of February 16, 2013, at the same place by two defendants satisfies Rule 8(b). The alleged child abuse of A.C. in the two weeks immediately before February 16, 2013, by one of the two defendants likewise may be joined under the standard set by Rule 8(b), even where, as here, the Government's manner of indictment in separate counts without aiding and abetting allegations causes the Court to hesitate.

## II. Rule 14

Rule 14(a) permits relief from prejudicial joinder as follows: "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). "[T]o warrant severance [under Rule 14] a defendant must show 'real prejudice,' that is, 'something more than the mere fact that he would have had a better chance for acquittal had he been tried separately.'" United States v. Bennett, Nos. 12-3754, 13-1109, 13-2038, 2014 WL 4251597, at

4

*6 (8th Cir. Aug. 29, 2014) (alterations in original) (quoting United States v. Mickelson, 378 F.3d 810, 817–18 (8th Cir. 2004)). Young may demonstrate real prejudice by showing "(a) his defense is irreconcilable with that of his co-defendant or (b) the jury will be unable to compartmentalize the evidence as it relates to the separate defendants." Id. (quoting Mickelson, 378 F.3d at 818). Young "carries a heavy burden in making this showing." United States v. Payton, 636 F.3d 1027, 1037 (8th Cir. 2011) (quoting United States v. Sandstrom, 594 F.3d 634, 644 (8th Cir. 2010)).

Young argues that he will be prejudiced under Rule 14 because his "defense is that someone or something other than Defendant Young caused the injury to A.C., and during his FBI interviews, Defendant Young accused Defendant Covey as a potential source of injury." Doc. 51 at 2–3. Young asserts that part of his defense "will be accusing the person sitting at defense counsel's table (Terri Covey) of causing such injury, which will likely cause the jury to infer guilt on Defendant Young as well." Doc. 51 at 3. That Young may blame Covey for injuries sustained by A.C. is not alone sufficient to warrant severance, however. See United States v. Young, 753 F.3d 757, 778 (8th Cir. 2014) ("Severance is not required where one defendant merely shifts blame to a codefendant."); United States v. Bordeaux, 84 F.3d 1544, 1547 (8th Cir. 1996) ("Even the fact that defendants may have antagonistic defenses in which one defendant attempts to shift the blame to the other is not a sufficient reason for severance.").

This Court does not interpret Young as arguing that his defense is antagonistic with Covey's defense. In the event that Young was making this argument, he has failed to explain what Covey's defense would be and thus this Court cannot infer that the defenses will be antagonistic. Further, "[t]he existence of antagonistic defenses does not require severance unless

the defenses are actually irreconcilable." United States v. Johnson, 944 F.2d 396, 402 (8th Cir. 1991). "[A] defense is irreconcilable when the jury, to believe the core of one defense, must necessarily disbelieve the core of another." United States v. Lewis, 557 F.3d 601, 610 (8th Cir. 2009) (quoting Johnson, 944 F.2d at 403)). According to the Government, it is Young alone who is being charged with causing A.C. to suffer a subdural hematoma on February 16, 2013. Doc. 53 at 10. As such, it is unlikely that trying Young and Covey together will result in irreconcilable defenses concerning the source of the subdural hematoma. Covey likely will say that it was not her doing, while Young likely will cite a possible accidental cause. Counts I and IV appear to be based on a theory that Young and Covey committed child abuse by not getting A.C. to a doctor sooner after he began displaying signs of physical distress. But the likely defenses there are not necessarily irreconcilable. Young has failed to carry his heavy burden to show that his defense is irreconcilable with Covey's defense.

Young also speculates that the jury will not be able to compartmentalize the evidence if he and Covey are tried together. However, this is not a complex case or one where prejudice cannot be cured by limiting instructions to the jury. See Bennett, 2014 WL 4251597, at *7 (explaining that the Eighth Circuit has "consistently" found that an instruction admonishing the jury to consider each defendant separately "adequately cured the risk that the jury would not properly compartmentalize the evidence against jointly-tried defendants"); United States v. Davis, 534 F.3d 903, 917 (8th Cir. 2008) ("Generally, the risk that a joint trial will prejudice one or more of the defendants is 'best cured by careful and thorough jury instructions.'" (quoting Mickelson, 378 F.3d at 818)). Because Young has failed to carry his burden under Rule 14, severance is inappropriate.

6

For the reasons stated above, it is hereby

ORDERED that the Motion to Sever Defendants for Separate Trials, Doc. 50, is denied.

Dated September 30th, 2014.

BY THE COURT:

*[signature]*

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE